COSMOS BROADCASTING CORPORA-TION and WAVE–TV, Appellants,

v.

COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, AERO-NAUTICAL DIVISION; Kentucky Airport Zoning Commission, Administrator and Members; Aircraft Owners & Pilots Association, Inc.; Kentucky Yacht Sales; Falls City Pilots Association, Inc.; Kentucky Flying Service; National Business Aircraft Association; Jefferson County Regional Airport Authority; and William Hamilton, Appellees.

KENTUCKY AIRPORT ZONING COM-MISSION, COMMONWEALTH OF KENTUCKY, Cross–Appellant,

v.

COSMOS BROADCASTING CORPORA-TION and WAVE–TV, Cross–Appellees.

Nos. 87–CA–470–MR, 87–CA–548–MR.

Court of Appeals of Kentucky.

June 3, 1988.

As Modified June 10, 1988.

Rehearing Denied Sept. 16, 1988.

Discretionary Review Denied
by Supreme Court
Dec. 7, 1988.

Bruce R. Hamilton, Hamilton, McClellan, Uhling, Smith & Hensley, LaGrange, Virginia Hamilton Snell, K. Gregory Haynes, Wyatt, Tarrant & Combs, Louisville, for appellants/cross-appellees.

David L. Armstrong, Atty. Gen., Frankfort, John S. Yodice, Ronald D. Golden, Yodice Associates, Frederick, Joseph Powell, Washington, D.C., Charles D. Moore, Harry E. Sykes, Jr., Office of Gen. Counsel, Transp. Cabinet, Frankfort, Harry L. Riggs, Jr., Riggs, Riggs & Walker, Erlanger, Mark R. Overstreet, Stites & Harbison, Frankfort, for appellees/cross-appellants.

Gary D. Phillips, John K. Doll, Greenebaum Boone Treitz Maggiolo, Reisz & Brown, Louisville, amici curiae.

Before DYCHE, McDONALD and REYNOLDS, JJ.

McDONALD, Judge:

Cosmos Broadcasting Corporation and WAVE–TV (WAVE) filed application for a permit to construct a tower which by amendment to the application was to be no more than 1,739 feet high. The tower is to be constructed and located in Oldham County, approximately 20 statute miles from the nearest airport but on a direct line between the Cincinnati Airport in Boone County, Kentucky, and the Bowman Field Airport in Jefferson County, Kentucky.

WAVE obtained approval from the local planning commission authorities and other interested agencies but failed to obtain approval from the Kentucky Airport Zoning Commission (KAZC). KAZC disapproved the construction application because of (1) the impact the tower would have on VOR (very high omnirange) instrument approach procedures for runways 19 and 26 of the Bowman Field Airport, and (2) the serious hazard that such a tower would have on VFR (visual flight rules) of pilots navigating in the proximity of the tower. KAZC in its adopted findings of fact commented:

It is not uncommon for pilots to stray from their course line by a mile or two due to winds aloft, visibility requirements, or marginal VFR weather. A 1,739′ AGL tower would be an added hazard should any pilot be slightly off course.

On the other hand, the Federal Aviation Administration issued a "determination of no hazard to air navigation" based on its aeronautical study of the proposed tower.

An appeal was taken from KAZC's denial of the application by WAVE to the Franklin Circuit Court which entered its opinion within its judgment. The circuit court sustained KAZC's denial of the application. WAVE has appealed to this Court, asserting five errors, and they are as follows:

1. KAZC's attempt to regulate the height of WAVE's tower is pre-empted by federal law.

2. Even if KAZC's action is not pre-empted by federal law, there is no substantial evidence to support its decision.

3. KAZC lacks jurisdiction over navigable air space 20 miles away from any airport.

4. KAZC has acted improperly because no regulation imposes a 1,000 foot maximum height.

5. The participation of a disqualified commissioner denied WAVE due process of law.

We agree and adopt, the same as if restated verbatim herein, Judge Graham's excellently written opinion, reasoning and judgment addressing issues 1, 2, 4 and 5. However, we disagree with and reverse Judge Graham on issue 3. We quote Judge Graham as he addresses this issue, as follows:

Cosmos' [WAVE] ... argument is that the Commission [KAZC] exceeded its jurisdiction in attempting to regulate the proposed construction because the tower was not in the vicinity of an airport. This position is settled by a careful reading of the enabling statute governing the Commission. KRS 183.865 grants to the Commission the right to exercise "all powers, provisions and duties relating to the use of navigable airspace within the State." And in KRS 183.866, the General Assembly declared its intentions and defined the purposes of the Commission in declaring that "any obstructions to the use of navigable air space destroy and impair the safe use of such air space and are not in the interest of public health, public safety or general welfare." These two statutes, taken together, make clear the legislature's intent that the Commission's jurisdiction covers any obstructions in the navigable air space within the Commonwealth. The Commission's administrator found that the tower would be in a direct line between Bowman Field and the Greater Cincinnati Airport. Cosmos itself does not seriously contend that the tower is not within the navigable air space of the Commonwealth.

Cosmos argues that the Commission is attempting to regulate interstate air flight. But the fact that the tower might be in a direct line between Bowman Field and greater Cincinnati Airport undermines that argument. Both airports are in Kentucky and any flight between the two would necessarily involve navigable air space within the Commonwealth. KRS 183.865 grants to the Commission broad regulatory powers, and a review of the transcript makes abundantly clear that the proposed tower location was within and around a public airport. Apparently, Cosmos agreed with this contention when it filed its application with the Commission seeking the Commission's approval. The Commission in its order has not exceeded its jurisdiction.

It is our opinion that "navigable air space" as contemplated by KRS 183.865 and 183.866 is limited to areas within and around publicly owned airports. It is not, as contended by KAZC, to mean every square inch of useable, navigable air space within the state. The whole thrust of the statutory Chapter refers to control and authority of KAZC "within and around public airports." We are persuaded that the intent of the legislature was to confine KAZC's power pertaining to the use of land only within and around airports. We believe a 20-mile distance is not within "navigable air space," within and around an airport, or at least substantial evidence doesn't support such a finding. This being the case, we reverse the circuit court in this regard and hold that KAZC's jurisdiction is so limited. We might add that our research of the few cases which construe the phrase "navigable air space" indicates only cases that involve safety as it relates to aircraft take-off and landing which, in our opinion, ties the jurisdiction to the vicinity of the airport. *See* 28 *Words and Phrases,* "Navigable Airspace" (1955, and Supp.1987 at 23).

Concerning the cross-appeal, KAZC asserts that the circuit court had no jurisdiction because WAVE failed to timely perfect its appeal in that summons was not served upon the attorney general. If service was necessary, there is no question that WAVE was out of time.

KAZC reasons that CR 4.04(6), as applicable, requires service upon the Commonwealth or any agency by servicing the Attorney General or any assistant attorney general. The circuit court denied a motion to dismiss on this ground and we agree with the ruling. First, we do not believe

that CR 4.04(6) applies to appeals. Second, KRS 183.620(3) specifies that summons be issued to the adverse party or parties with no mention of the attorney general, and the attorney general was never a party. The statute was complied with and it takes precedent over a civil rule if there is a conflict because of its statutory procedural nature. Third, when considering CR 4.04(6) one must also consider CR 3 with the keystone requirement of proceeding in good faith, which WAVE did in its proceeding. For these reasons we do not believe the circuit court abused its discretion and affirm on the cross-appeal.

All concur.